UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARDO GARCIA GOMEZ,

Plaintiff,

v.

GENERAL MOTORS, LLC,

Defendant.

No. 2:25-cv-03416-DAD-CSK

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

(Doc. No. 7)

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court, filed on December 22, 2025. (Doc. No. 7.) The pending motion was taken under submission on the papers on January 16, 2026. (Doc. No. 17.) For the reasons explained below, plaintiff's motion to remand will be denied.

**BACKGROUND**

On July 31, 2025, plaintiff Eduardo Garcia Gomez filed a complaint initiating this Song-Beverly action in the Sacramento County Superior Court against defendant General Motors, LLC. (Doc. No. 1-1 at 6.) In his complaint, as relevant to this motion, plaintiff alleges that he is, and at all relevant times was, a resident of Olivehurst, California. (*Id.* at ¶ 4.) Plaintiff also alleges that defendant's failure to comply with its obligations in connection with the vehicle purchase at issue "was willful[.]" (*Id.* at ¶¶ 17, 24, 28.)

/////

Based on these and other allegations, plaintiff asserts the following causes of action: (1) failure to service or repair in violation of the Song-Beverly Act, California Civil Code § 1793.2(d); (2) failure to commence repairs within a reasonable time in violation of the Song-Beverly Act, California Civil Code § 1793.2(b); (3) failure to make available sufficient replacement parts and service literature to effect repairs in violation of the Song-Beverly Act, California Civil Code § 1793.2(a)(3); and (4) breach of the implied warrant of merchantability in violation of the Song-Beverly Act, California Civil Code §§ 1791.1, 1794. (*Id.* at ¶¶ 8–33.) Plaintiff seeks, among other forms of relief, actual damages, restitution, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)[,]" and reasonable attorneys' fees. (*Id.* at 11.)

On November 24, 2025, defendant removed the action to this federal court pursuant to 28 U.S.C. § 1332 on the grounds that this court has diversity jurisdiction. (Doc. No. 1 at 3.) On December 22, 2025, plaintiff filed the pending motion to remand this action to the Sacramento County Superior Court. (Doc. No. 7.) On December 30, 2025, defendant filed an opposition to the motion, and on January 20, 2026, plaintiff filed his reply thereto. (Doc. Nos. 8, 18.)

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction

and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

**ANALYSIS**

In his motion to remand, plaintiff argues that defendant's removal of this action was untimely and defendant has not adequately demonstrated that the amount in controversy exceeds $75,000. (Doc. No. 7.) In its opposition, defendant argues that the removal of the action was timely because the allegations of the complaint did not disclose plaintiff's citizenship or the amount in controversy, and that defendant has determined both diversity of citizenship and that the amount in controversy, including actual damages, civil penalty, and attorneys' fees, exceeds $75,000. (Doc. No. 8.)

**A. Timeliness**

The court turns first to plaintiff's argument that the removal was untimely. Plaintiff argues that the amount in controversy is ascertainable on the face of the complaint, and therefore defendant was required to remove this action within thirty days of the filing of the complaint. (Doc. No. 7 at 11–14.) Defendant argues that both plaintiff's citizenship and the amount in controversy are indeterminate based solely on the face of plaintiff's complaint, and therefore defendant was not required to remove the action within thirty days of the filing of the complaint. (Doc. No. 8 at 23–26.) Instead, defendant argues that it removed based on its own investigation, which concluded in the thirty days prior to its removal of the case to this court. (*Id.* at 13.)

"The statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)). "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Id.* at 694. "Additionally, 28 U.S.C. § 1446(b) prevents, at least in the context of removal based on diversity, unreasonable

/////

waste of judicial resources by limiting the extended period of removal to one year after 'commencement of the action.'" *Id.* at 697.

Where the plaintiff alleges in their complaint their residency but not their domicile or citizenship, the thirty-day window is not triggered. *Id.* at 695 ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint."); *Chavarin v. Gen. Motors LLC*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875, at *3 (C.D. Cal. Oct. 29, 2025) ("Plaintiff's diversity argument also fails because the allegations of Plaintiff's California residency in the Complaint do not set forth Plaintiff's domicile or citizenship. . . . [A]fter *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), a plaintiff's mere allegation of residency in a complaint is not enough to trigger the 30-day removal clock under section 1446(b)(1)."). Here, because the complaint alleges only plaintiff's residency, not his domicile or citizenship, and plaintiff provided defendant no supplemental paper attesting to his domicile or citizenship, the thirty-day window for removal was not triggered. (Doc. No. 1-1 at ¶ 4) ("Plaintiff is, and at all relevant times herein was, a resident of Olivehurst, California.").

Because defendant removed based instead on its own investigation and filed its notice of removal within one year of the filing of plaintiff's complaint, the removal is therefore timely. *See* 28 U.S.C. § 1446(b); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."); *Iniquez v. Ford Motor Co.*, No. 2:25-cv-00055-SK, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) ("Here, neither 30-day deadline provided in § 1446(b) was triggered, so Defendant did not need to file its removal notice within 30 days of its receipt of Plaintiff's complaint or some other paper from which removability could be discerned. Otherwise, since Defendant filed its notice of removal within one year of the complaint's filing, the removal was timely under § 1446(c)(1).").

/////

**B. Amount in Controversy**

Next, plaintiff argues that defendant has not demonstrated that the amount in controversy requirement is satisfied.[1] (Doc. No. 7 at 14–17.) Defendant argues that the amount in controversy—$21,898.34 in actual damages, $43,796.68 in civil penalty, and $33,300.00 in attorneys' fees—exceeds the jurisdictional threshold of $75,000. (Doc. Nos. 8 at 27–28; 8-1 at 4.)

1. <u>Actual Damages</u>

"California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution 'in an amount equal to the purchase price paid or payable by the buyer,' reduced by that amount 'directly attributable to use by the buyer' prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty." *Alvarado v. FCA US, LLC*, No. 17-cv-00505-JGB-DTB, 2017 WL 2495495, at *3 (C.D. Cal. June 8, 2017). "Moreover, the amount directly attributable to use by the buyer 'shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.'" *Lopez v. FCA US LLC*, No. 1:18-cv-01487-DAD-SAB, 2019 WL 2591101, at *3 (E.D. Cal. June 25, 2019) (quoting Cal. Civ. Code § 1793.2(d)(2)(C)). Calculating restitution in this manner yields a value of $69,220.19.[2] This value does not match defendant's estimate of actual damages because defendant also subtracts from its estimate other statutory offsets and unpaid financing on plaintiff's loan. (Doc. No. 8 at 27.) The court will assume without deciding that it is appropriate to deduct the other statutory offsets, which defendant states total $14,031.80. (*Id.*) Subtracting this amount yields an actual damages amount at issue of $55,188.39.

---

[1] Plaintiff does not contest that there exists complete diversity of citizenship between the parties.

[2] Purchase price – use offset = purchase price – (actual price x (((miles on the odometer when plaintiff presented the vehicle for repair) – (miles on the odometer when plaintiff purchased the vehicle)) / 120,000)) = $72,238.32 – ($41,236.00 x ((8,786 miles – 3 miles) / 120,000) = $69,220.19.

As for defendant's position that the unpaid balance of plaintiff's loan should reduce the actual damages owed, the court disagrees.[3] *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 896 (S.D. Cal. 2021) ("Thus, return to *status quo* must include paying off the loan balance. If it did not, the consumer would have his or her down payment and monthly payments returned but left with a loan that still needed to be repaid and no funds to repay it, which would not put the consumer in the position he or she was in before buying the vehicle."); *Quinonez v. FCA US LLC*, No. 2:19-cv-2032-KJM, 2020 WL 3397565, at *3 (E.D. Cal. June 19, 2020) ("[S]he could receive $31,500 in the form of both payments made to date as well as value of the release from her personal loan.") (citation omitted). Accordingly, the court finds that the actual damages in controversy total in this case is at least $55,188.39.

2. Civil Penalty

In addition to actual damages, plaintiff requests "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)[.]" (Doc. No. 1-1 at 11.) Plaintiff argues that this civil penalty should not be included in calculating the amount in controversy because defendant's estimated actual damages are speculative and defendant has not offered evidence of willfulness that might support such an award. (Doc. No. 7 at 15–16.) Defendant argues, in turn, that the estimated actual damages are not speculative and plaintiff has *alleged* willfulness, which is all that is required. (Doc. No. 8 at 28.)

"Song-Beverly civil penalties should be included in the amount in controversy calculation when a plaintiff alleges the action was willful and seeks civil penalties under the act." *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 WL 12442891, at *3 (E.D. Cal. Oct. 21, 2022)). Because plaintiff seeks civil penalties (Doc. No. 1-1 at 11) and alleges that the violations were willful (*id.* at ¶¶ 17, 24, 28), the court will include the full civil penalty of two times actual damages in the amount in controversy calculation. The civil penalty therefore comes to $110,376.78—twice the estimated actual damages of $55,188.39. Including both the actual

---

[3] Plaintiff argues that defendant miscalculated the loan-related offset in a variety of respects. (Doc. No. 18 at 8–9.) Because the court rejects this offset altogether, the court need not address these arguments.

damages and the civil penalty, the amount in controversy totals at least $165,565.17, well above the diversity jurisdiction threshold of $75,000.[4] Having rejected each of plaintiff's arguments, the court will deny plaintiff's motion to remand this action.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion to remand (Doc. No. 7) is DENIED; and
2. The Initial Scheduling Conference is hereby RESET for October 26, 2026 at 1:30 PM in Courtroom 4 (DAD) before District Judge Dale A. Drozd by Zoom. The parties shall file a joint scheduling report by no later than October 12, 2026.

IT IS SO ORDERED.

Dated: **September 16, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[4] As a result, the court need not address defendant's argument regarding expected attorneys' fees.